UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL CALHOUN,

    Plaintiff,

v.                                              Case No: 8:21-cv-0723-KKM-AAS

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

Plaintiff Crystal Calhoun moves to remand this action to state court. (Doc. 6.) She argues that Defendant Allstate has failed to establish that the amount in controversy exceeds $75,000.[1] (Doc. 6. at 1.) Finding that Allstate has not provided sufficient evidence that the jurisdictional threshold is satisfied, the Court grants Calhoun's motion to remand to state court.

I. BACKGROUND

This action arose from an April 21, 2020 car accident involving Calhoun and an individual who is not a party to this action. (Doc. 1 at 1.) The individual rear-ended the car Calhoun occupied as a passenger. (Doc. 1-2 at 1–2.) Calhoun alleges that the collision

---

[1] The parties do not dispute that diversity exists between them. (Doc. 1; Doc. 6.) The Court is also satisfied that diversity exists. (Doc. 1 at 2.)

caused her serious and permanent injuries. (Doc. 1-1 at 2.) Calhoun's state court complaint alleges that, at the time of the accident, she was insured with Allstate, and that she is entitled to recover from her policy for uninsured and underinsured motorist liability coverage. (Doc. 1-2 at 2.) Calhoun's policy limit is $300,000. (Doc. 1 at 1.) Calhoun also alleges Allstate breached its duty of good faith, entitling her to damages beyond the maximum limit on her policy. (Doc. 1-2 at 4–9.)

On October 22, 2020, Calhoun sent Allstate a demand letter, requesting $300,000 to settle her claims. (Doc. 7 at 9.) On February 2, 2021, Calhoun filed suit in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, seeking damages of more than $30,000. (Doc. 1-2 at 1.)

## II. LEGAL STANDARD

United States district courts have jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, by a preponderance of the evidence, that the amount in controversy is satisfied. *See id.* at 1281 n.5. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish

all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). In making a determination, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("[The] defendant may introduce affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000."). A court may draw reasonable deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). That said, courts must construe removal statutes strictly, "resolving doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

III.   ANALYSIS

To prevent remand, Allstate must establish that the amount in controversy exceeds $75,000, providing "specific factual allegations establishing jurisdiction." *Pretka*, 608 F.3d at 754. Allstate has not carried its burden.

3

Allstate's primary evidence is Calhoun's October 22, 2020 pre-suit letter asking Allstate for $300,000 to resolve her claims without litigation. (Doc. 6 at 9, 13.) *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). But courts frequently disregard settlement demands that "merely reflect puffing and posturing." *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1965-O-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (Conway, J.) (citations omitted). So, Allstate may not rest upon this demand alone. Allstate "must provide specific information to the Court demonstrating that the demand letter offers a reasonable assessment of the value of the claim." *Ashmeade v. Farmers Ins. Exch.*, No. 5:15-cv-533-OC-34PRL, 2016 WL 1743457, at *3 (M.D. Fla. May 3, 2016) (Howard, J.). While the letter demands $300,000, it only substantiates $24,000 of that amount through current medical bills. (Doc. 1-1 at 5.) That leaves Allstate with more than a $50,000 gap.

Of course, Calhoun's expenses did not cease on October 22, 2020. The demand letter's calculations did not include a pending surgery bill, a bill from "Dr. Lindauer Health First Rehab," or a bill for "Agility Physical Therapy." (Doc. 1-1 at 5.) The letter further advised Allstate that, "in addition to these medical specials outlined, [Calhoun] is anticipated to continue incurring medical bills for reasonable future medical treatment as well." (*Id.*) But Allstate has provided no documents or estimates to support a conclusion

4

that the pending bills or future expenses will make up the missing $50,000. As such, "the unsubstantiated cost of these hypothetical future medical expenses is too speculative" for this Court to rely on. *Parham v. Osmond*, No. 8:19-CV-592-T-60SPF, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019) (Barber, J.). This Court cannot engage in "conjecture, speculation, or star gazing" to make up for Allstate's failure to provide specific facts and information on the amount in controversy. *Pretka*, 608 F.3d at 754.

Since the demand letter alone does not suffice to show by a preponderance of the evidence that the amount at issue in this case exceeds $75,000, Allstate must offer additional evidence. Allstate points to Calhoun's claim for bad faith insurance and the attorneys' fees Florida law allows for that claim.[2] (Doc. 7 at 6); § 624.155(4), Fla. Stat. This claim would allow Calhoun to recover beyond the limits of her policy, and beyond the cost of her current and projected medical expenses. (Doc. 1-2 at 5.) However, the parties agree that this claim has not yet accrued. (Doc. 1-2 at 4–5; Doc. 7 at 6); *see Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits."). Since Calhoun's "bad faith claim is not ripe, the Court lacks

---

[2] While attorney's fees are not usually included, a court "may properly consider them in the amount-in-controversy inquiry" when the "fees are sought pursuant to statute." *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1362 (S.D. Fla. 2015) (citations omitted).

jurisdiction over the claim." *Kostin-Rosenberg v. Liberty Mut. Fire Ins. Co.*, No. 20-81603-CIV, 2020 WL 8413431, at *1 (S.D. Fla. Nov. 6, 2020) (Smith, J.) (citing *Evedon v. USAA Cas. Ins. Co.*, No. 15-22139-CIV, 2016 WL 4083013, at *2 (S.D. Fla. Jan. 19, 2016)). Lacking subject matter jurisdiction over the bad faith claim, this Court does not consider the claim or any resulting attorneys' fees legitimately at issue for purposes of the amount in controversy.[3]

Lastly, Allstate argues that jury verdicts rendered in Florida Circuit Courts are instructive to the amount in controversy. (Doc. 7 at 13–15.) But "the Court is not convinced that the jury verdicts provided by [Allstate] regarding similar injuries shed any light on the amount in controversy in this case." *Gallon v. Harbor Freight Tools USA, Inc.*, No. 8:17-CV-520-T-24 MAP, 2017 WL 1291072, at *3 (M.D. Fla. Apr. 7, 2017) (Bucklew, J.). It is doubtful whether such evidence "is ever of much use in establishing the value of claims in any one particular suit." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1121 (11th Cir. 2007). Moreover, Allstate has not provided the extensive information required for this Court to do more than speculate on whether the injuries in those cases were sufficiently similar to Calhoun's injuries such that a similar jury verdict would be warranted.

---

[3] While Calhoun's "likelihood of success *on the merits* is largely irrelevant to" the amount in controversy, this Court believes that a threshold determination of a lack of jurisdiction is highly relevant to "the pertinent question [of] what is *in controversy* in the case." *Pretka*, 608 F.3d at 751 (first emphasis added) (quotation omitted)); *see Ashmeade*, 2016 WL 1743457, at *3 ("[T]he bad faith claim has not accrued and therefore has no current value.") Allstate also admits that "the value of [the bad faith] claim is arguably zero." (Doc. 7 at 6.)

6

As a court of limited jurisdiction that "possess[es] only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994), this Court must resolve substantial doubts on the amount in controversy "in favor of remand." *Miedema*, 450 F.3d at 1328.

## IV. CONCLUSION

Allstate has not provided this Court with sufficient material to find by a preponderance of the evidence that the amount in controversy in this action exceeds the jurisdictional amount. Allstate has not met its burden for removal purposes.

Accordingly, the following is **ORDERED**:

1. Calhoun's motion for remand (Doc. 6) is **GRANTED**.

2. The Clerk is **DIRECTED** to **REMAND** this action to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, and to transmit a certified copy of this order to the clerk of that court.

**ORDERED** in Tampa, Florida, on September 24, 2021.

Kathryn Kimball Mizelle
United States District Judge